IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUINCY M. FOX                                                                                     PETITIONER

V.                                               CIVIL ACTION NO. 3:18-cv-391-HTW-JCG

PELICIA HALL                                                                                    RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Quincy M. Fox. (ECF No. 1). Respondent Pelicia Hall, Commissioner of the Mississippi Department of Corrections (MDOC), has filed a Motion to Dismiss Pursuant to 28 U.S.C. §2244(d) or, in the Alternative, for Failure to Exhaust (ECF No. 7), and a Supplement to Motion to Dismiss (ECF No. 12). Fox did not respond to the Motion to Dismiss. The undersigned issued an Order to Show Cause (ECF No. 9), requiring Fox to respond. Fox instead filed an Amended Complaint, without leave of Court. Having considered the submissions of the parties, the record, and relevant law, the undersigned United States Magistrate Judge concludes that Fox's Petition is time barred and procedurally defaulted.

BACKGROUND

Following a trial in the Circuit Court of Lauderdale County, Mississippi on May 28-30, 2013, a jury convicted Fox of two counts of kidnapping, one count of armed carjacking, and one count of armed robbery. *Fox v. State,* 151 So. 3d 226, 227 (Miss.Ct.App. 2014). On August 8, 2013, Fox was sentenced as a habitual offender

to life imprisonment within the custody of the Mississippi Department of Corrections for each count, to be served concurrently. *Id.* Fox's motions for new trial were denied. Fox appealed.

The Mississippi Court of Appeals affirmed Fox's judgment of conviction and sentence on November 4, 2014. (ECF No. 7-3). Fox did not file a motion for a rehearing under Mississippi Rule of Appellate Procedure 40(a). He did not seek *certiorari* review before the Mississippi Supreme Court.

Fox did not seek postconviction relief or habeas relief until July 2018. Fox filed a motion for postconviction relief on July 11, 2018, in the Mississippi Supreme Court, Cause No. 2018-M-00988. (ECF No. 7-5). Fox filed the instant 28 U.S.C. §2254 Petition in this Court in July 2018. He did not date the Petition. The postage on the envelope attached to Fox's Petition reflects that the Petition was mailed on June 13, 2018. (ECF No. 1-1). The Petition was stamped "filed" by the Clerk of Court on June 14, 2018. (ECF No. 1).[1]

Respondent filed a Motion to Dismiss Pursuant to 28 U.S.C. §2244(d) or, in the Alternative, for Failure to Exhaust. Respondent maintained that Fox's Petition was filed over two and a half years past the statute of limitations. Respondent alternatively argued that Fox's Petition was subject to dismissal without prejudice due to Fox's pending motion for postconviction relief before the Mississippi Supreme

---

[1] Under the prisoner mailbox rule, a petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court. *Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013).

2

Court. In her Supplement to Motion to Dismiss, Respondent advised that the Mississippi Supreme Court had denied Fox's motion for postconviction relief, making Fox's § 2254 Petition no longer subject to dismissal for failure to exhaust state court remedies. (ECF No. 12, at 2). Respondent urged, however, that all three claims in the Petition are now procedurally defaulted because the claims were found time-barred under Mississippi Code Section 99-39-5(2) by the Mississippi Supreme Court in Cause No. 2018-M-00988.

In this action, Petitioner did not respond to the Motion to Dismiss or Supplement to Motion to Dismiss. An Order to Show Cause issued on November 1, 2018, requiring Fox to file a response to the Motion to Dismiss. (ECF No. 9). Fox was warned that failing to file a timely response subjected his case to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). Fox did not file a response to the Motion to Dismiss but instead filed an Amended Petition, without leave of Court, on November 19, 2018. Thus, Fox has provided no argument in response to Respondent's claim that the Petition is time-barred and procedurally defaulted.

## DISCUSSION

A.  <u>Fox's Petition is Time Barred</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to

3

preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of 28 U.S.C. § 2244(d)(1)(B-D) apply, a federal habeas corpus petition must be filed within one year of the date the petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See, e.g., Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Flanagan v.*

4

*Johnson*; 154 F.3d 196 (2011); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).

Mississippi has a two-tiered appellate court system. All appeals are initially docketed with the Mississippi Supreme Court, where some appeals must be considered. Miss. R. App. P. 16(b). Many appeals, like Fox's appeal, are assigned to the Mississippi Court of Appeals. Miss. Code Ann. § 9-4-3. Mississippi law provides for discretionary *certiorari* review by the Mississippi Supreme Court of Court of Appeals decisions. *Id*. Following a Court of Appeals decision, the initial step in seeking discretionary review before the Mississippi Supreme Court is to file a motion for rehearing with the Mississippi Court of Appeals. A motion for rehearing under Mississippi Rule of Appellate Procedure 40(a) is due "14 days after a decision is handed down on the merits of a case." Miss. R. App. P. 40(a). Within 14 days of the decision on the motion for rehearing, a petition for writ of *certiorari* must be filed with the Mississippi Supreme Court. M.R.A.P. 17(b).

The Mississippi Court of Appeals affirmed Fox's judgment of conviction and sentence on November 4, 2014. (ECF No. 7-3). Fox failed to file a motion for rehearing within 14 days of that decision. By not filing a motion for rehearing, Fox "stopped the appeal process." *Roberts,* 319 F.3d at 693 n.14. Fox's conviction therefore became final on November 18, 2014, fourteen days after the Mississippi Court of Appeals decision affirming Fox's conviction and sentence. Fox's § 2254 Petition was due within one year, or by November 18, 2015. Fox did not file the

Petition until June 2018. The Petition is time barred unless statutory or equitable tolling applies.

Fox is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file a motion for postconviction relief before the Mississippi Supreme Court in Cause No. 2018-M-00988 until July 11, 2018, long after the one-year federal statute of limitations for filing a habeas petition expired.

Fox is not entitled to equitable tolling. Fox states in his Petition that he did not file his Petition sooner "because I was young only youth and didn't know about the law or how to file." (ECF No. 1, at 5) (all sic in original). Equitable tolling only applies in "rare and exceptional circumstances." *United States v. Petty,* 530 F.3d 361, 364 (5th Cir. 2008). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).

In sum, Fox's § 2254 Petition is time barred because it was filed over two and a half years after the statute of limitations expired on November 18, 2015.

B.   Fox's Claims Are Procedurally Defaulted

The Mississippi Supreme Court in Cause No. 2018-M-00988 found that Fox's motion for postconviction relief was untimely under Mississippi Code Section 99-39-5(2) and did not meet any of the exceptions to the time bar. Under Mississippi Code Section 99-39-5(2), a movant has three years to file a motion for postconviction

6

relief. Failure to file a motion for postconviction relief within the three years is a procedural bar. *James v. State,* --- So.3d ---, 2018 WL 4327829, *1 (Miss. Ct. App. 2018) (citing *Blount v. State,* 126 So. 3d 927, 930-31 (Miss. Ct. App. 2013)).

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). As a matter of comity and federalism, federal courts generally may not review a state court's denial of a federal constitutional claim if the state court's decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin,* 131 S. Ct. 1120, 1127-28 (2011); *see Beard v. Kindler,* 130 S. Ct. 612, 617-18 (2009).

The three-year-time bar in Mississippi Code Section 99-39-5(2) is independent of a federal question and adequate to support the judgment of the Mississippi Supreme Court. *Coleman,* 501 U.S. at 729-30; *see Lockett v. Anderson,* 230 F.3d 695, 701 n.5 (5th Cir. 2000); *Moore v. Roberts,* 83 F.3d 699, 701-02 (5th Cir. 1996). This procedural rule is unambiguous, firmly established, and regularly followed. Fox presented all three claims in his Petition to the Mississippi Supreme Court in his motion for postconviction relief. These claims are precluded from

federal habeas review as procedurally defaulted. *Coleman,* 501 U.S. at 753. To overcome the procedural bar, Fox was required to show cause and prejudice or a miscarriage of justice, which he has not attempted to do. *See Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

## RECOMMENDATION

Fox's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody should be DISMISSED WITH PREJUDICE because the claims in the Petition are time barred and procedurally defaulted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to

which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED**, this the 31st day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE